IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
01 SEP 11 AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| CHRISTOPHER DERAMUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 01-S-0297-NE |
| | ) | |
| GOVERNOR SIEGELMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
SEP 11 2001

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on March 29, 2001, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on July 3, 2001.

Plaintiff was removed from work release in June 2000, when Governor Siegelman imposed new restrictions on inmate eligibility for that program. Plaintiff's removal was not due to misconduct on his part, but merely due to the nature of his crime and a reclassification of crimes by Siegelman. Plaintiff maintains that his constitutional rights have been violated by the failure of the Alabama Department of Corrections to provide him with a due process hearing prior to removing him from work release and reassigning him

to Kilby Correctional Facility. Plaintiff relies on the ADOC manual which states "no due process hearing is required for transfers among institutions other than removal from full work release status including free world employment. Plaintiff maintains that he might have been able to overcome the designation of his crime as a "heinous" crime if he had been allowed a hearing. Plaintiff argues that he should not have been denied the substantial liberty he was enjoying and had earned simply due to a new criteria imposed by the Governor. Plaintiff has not substantiated his argument with any authority to show that the Governor did not have the authority to establish new criteria for participation in the work release program. As long as the governor was acting within his authority, the ADOC was obligated to apply the established criteria and place plaintiff in an appropriate custody setting. Plaintiff was serving a sentence for a crime he was found guilty of committing. Regardless of how he had been classified for the past five years, under the new criteria a person who commits the crime he was found guilty of committing is not eligible to participate in the work release program. Plaintiff was not charged with a new offense for which he might be able to offer evidence that he was not guilty. In plaintiff's case there were no new

2

charges levied against him, no new adverse information considered, and no change in the duration of his sentence.

> It is true that there is a considerable difference between the freedoms [plaintiff] enjoyed when he was in work release status and the conditions of incarceration at a [maximum] security facility. To return from the quasi-freedom of work release to the regimentation of life within four walls may be said, relatively speaking, to have been a "significant" deprivation. Nonetheless, confinement within four walls of the type plaintiff now endures is an "ordinary incident of prison life." It is not "atypical."

*Dominique v. Weld*, 73 F.3d 1156, 1160 (1st Cir. 1996).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 11th day of September, 2001.

_____
UNITED STATES DISTRICT JUDGE